PENNISON, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*May 1 — May 22, 1896.*

*Railroads: Consolidation or succession? Liability for prior torts.*

1. In an action against a railroad company a complaint alleging that defendant "purchased and had assigned to itself the railroad, franchises, immunities, stocks, bonds, and all property and appurtenances" of another company, shows merely a succession, and not a consolidation such as would render defendant responsible for a tort previously committed by its vendor.

2. A railroad company's franchise to be a corporation is entirely distinct from its franchises to construct and operate its road, and is not the subject of sale or transfer unless by virtue of some positive statutory provision.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

This is an action to recover damages against the defendant company for personal injuries sustained by the plaintiff, May 24, 1890, while in the employ of the Milwaukee & Northern Railroad Company as a brakeman on its road, and caused, as it is alleged, by the negligence of the latter company. The ground relied on to charge the defendant company for the tort or wrong of the Milwaukee & Northern Railroad Company is that the defendant company afterwards "purchased and had assigned to itself the railroad, franchises, immunities, stocks, bonds, and all property and appurtenances of the said Milwaukee & Northern Railroad Company, and has thereby become subject to all the liabilities of said company." The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action; and from an order overruling such demurrer the defendant appealed.

For the appellant there were briefs by *Greene, Vroman & Fairchild,* and oral argument by *J. R. North.* To the point

that where a corporation merely *sells* its property to another corporation the identity of the companies is not affected and therefore there is no change in the liability, they cited, besides cases cited in the opinion, *Central R. Co. v. Brinson*, 64 Ga. 475; *Sappington v. L. R., M. R. & T. R. Co.* 11 Am. & Eng. R. Cas. 330.

For the respondent there was a brief by *Sheridan & Evans*, and oral argument by *W. L. Evans*. They contended, *inter alia*, that where one corporation, with statutory power so to do, transfers to another corporation all its stock, bonds, property, appurtenances, franchises, and immunities, there is an absolute extinction of the selling corporation. It deprives itself of corporate existence, ceases to be, and is absorbed by the purchasing company. *Slee v. Bloom*, 19 Johns. 474; *Tod v. Ky. U. L. Co.* 57 Fed. Rep. 57; *Hibernia Ins. Co. v. St. Louis & N. O. Transp. Co.* 13 id. 516; *Railroad Co. v. Ga.* 98 U. S. 359; *Powell v. N. M. R. Co.* 42 Mo. 63; *State ex rel. Brown v. Bailey*, 16 Ind. 46; *Lake Ontario S. R. Co. v. Curtiss*, 80 N. Y. 224; 1 Rorer, Railroads, 91; *Eaton & H. R. Co. v. Hunt*, 20 Ind. 463; 1 Beach, Priv. Corp. §§ 327, 338, 343; *Brum v. Merchants' Mut. Ins. Co.* 16 Fed. Rep. 143; *Hill v. Nisbet*, 100 Ind. 341; 1 Thomp. Corp. §§ 324, 330, 396; 4 Am. & Eng. Ency. of Law, 272*i*; *Central R. & B. Co. v. Ga.* 92 U. S. 665; *Philadelphia & W. R. Co. v. Md.* 10 How. 376; 2 Morawetz, Priv. Corp. § 942; 3 Rapalje & M. Dig. R. Law, 82; *Snell v. Chicago*, 8 L. R. A. 858; *State ex rel. Att'y Gen. v. Sherman*, 22 Ohio St. 411. Where one corporation goes entirely out of existence by being incorporated into another, the corporation into which it is merged will succeed to all its property and be answerable for all its liabilities. *Louisville, N. A. & C. R. Co. v. Boney*, 3 L. R. A. 438; *Mt. Pleasant v. Beckwith*, 100 U. S. 514; *Thompson v. Abbott*, 61 Mo. 176; *Pullman's Palace Car Co. v. M. P. R. Co.* 115 U. S. 587. Where one corporation transfers all its property to another, the

obligations of the old corporation may be enforced against the new. *Hibernia Ins. Co. v. St. Louis & N. O. Transp. Co.* 13 Fed. Rep. 516; *S. C.* 10 id. 596; *Brum v. Merchants' Mut. Ins. Co.* 16 id. 143; 1 Beach, Priv. Corp. §§ 343, 360; *Daniels v. St. L., K. C. & N. R. Co.* 62 Mo. 43; *Slatterly v. St. L. & N. O. Transp. Co.* 91 id. 217; 1 Rorer, Railroads, 38; *Lauman v. L. V. R. Co.* 30 Pa. St. 42; *State ex rel. Brown v. Bailey,* 16 Ind. 46; *Cashman v. Brownlee,* 128 id. 266; Beach, Railways, § 553.

PINNEY, J.   The allegations of the complaint do not show a consolidation of the Milwaukee & Northern Railroad Company with the corporation defendant, under R. S. sec. 1833 or sec. 1788, or otherwise, so as to impose on the latter the liabilities of the former company.   Cases cited declaring and illustrating the effect of consolidation in respect to the debts and liabilities of the companies of which the consolidated company is composed are not material to the present inquiry.   The complaint shows simply that what is called in some of the books a "succession" has taken place, and that the property and franchises of a corporation have been purchased at private sale, which differs from a consolidation in this respect: that the purchaser thus acquiring the property and franchises of the selling corporation does not become responsible for its liabilities already accrued.   This is quite well settled, and we have not been referred to any well-considered case to the contrary.   Taylor, Priv. Corp. § 415; *Wright v. M. & St. P. R. Co.* 25 Wis. 46; *Vilas v. M. & P. du C. R. Co.* 17 Wis. 502; *Gilman v. S. & F. du L. R. Co.* 37 Wis. 319; *Neff v. Wolf River B. Co.* 50 Wis. 585; *Menasha v. M. & N. R. Co.* 52 Wis. 414.   In *Wright v. M. & St. P. R. Co., supra,* the allegations relied on to charge the defendant company were, in substance, the same as in the present case, and extended there, as here, to a sale of the *franchises;* but it was held that this averment should be

interpreted as extending only to the franchise of operating the road sold, and PAINE, J., states tersely that " the distinction between the franchise of constructing and operating a railroad, and the franchise of being a corporation and of contracting, suing, and being sued as such, is well established," and that upon such allegations it was only the former that passed to the purchaser. In the absence of a contract or of a statute imposing the liability contended for, it does not exist. *Hoard v. C. & O. R. Co.* 123 U. S. 222; *Chesapeake & O. R. Co. v. Miller,* 114 U. S. 176; *Cook v. D., N. H. & M. R. Co.* 43 Mich. 349; *Lake Erie & W. R. Co. v. Griffin,* 92 Ind. 487, 492; *Pennsylvania Transp. Co.'s Appeal,* 101 Pa. St. 576; *Hammond v. P. R. & A. R. Co.* 15 S. C. 10. The Milwaukee & Northern Railroad Company, so far as the allegations of the complaint show, is a still existing corporation, and has presumptively received a proper consideration for the sale of its property. This is not an action to assail the validity of the transfer of the property, but is a legal action to recover against the defendant, the purchasing company, damages for the previously committed tort of its vendor. The Milwaukee & Northern Railroad Company could not, by any act of its own will, transfer its franchise to be a corporation. Such a franchise is not the subject of sale and transfer, unless by virtue of some positive statutory provision. It is entirely distinct from the franchises of the corporation to construct, operate, and manage its road. 1 Beach, Priv. Corp. §§ 361, 362; *Memphis & L. R. R. Co. v. R. R. Comm'rs,* 112 U. S. 609, 619; *Comm. v. Smith,* 10 Allen, 448, 455; *Snell v. Chicago,* 152 U. S. 197.

The remedy of the plaintiff, if any, is against the Milwaukee & Northern Railroad Company. Upon the allegations of the complaint, he has none against the defendant company.

*By the Court.*— The order appealed from is reversed, and the cause is remanded for further proceedings according to law.