[No. 6354.]

## MUSTANG RESERVOIR, CANAL AND LAND COMPANY v. HISSMAN.

1.  **Damages—Duty of Court to Instruct as to Elements—**It is the duty of the court to instruct as to the elements of damage, and the basis upon which the assessment is to be made, even though no such instruction is prayed.—(309, 310)

2.  —— **To Lands — Measure —** In an action for damages to land, where defendant's reservoir gave way and covered plaintiff's lands with sediment, the measure of damages is the difference in value of the land immediately before, and immediately, after, the occurrence of the injury.—(310, 311)

3.  ——**Evidence as to—**In an action for an injury to a reservoir, evidence that some months after the injury the plaintiff had expended a specified sum in repairs, without any proof that the expenditure was a reasonable one, or was made necessary by the conduct of the defendant, affords no basis for an estimate of damages.—(311)

*Appeal from Pueblo District Court* — Hon. CHARLES S. ESSEX, Judge.

Mr. THOMAS R. HOFFMIRE for appellant.

Mr. JOHN A. MARTIN for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The plaintiff, Henry Hissman, brought suit to recover damages from the Mustang Reservoir, Canal and Land Company, a corporation, defendant, claimed to have been occasioned through the breaking of the latter's reservoir, thus flooding the land of plaintiff, destroying a portion of his reservoir embankments and injuring prospective crops. At the trial, consideration of damage to crops was taken from the jury entirely, and that matter is not before us in any phase.

In the first cause of action, beside the loss of and damage to crops, it is charged that "The break-

ing and washing away of plaintiff's reservoir damaged the same in the sum of $175.00.'' In the second cause of action, it is charged, in substance, that, as a result of the breaking of defendant's reservoir, water therefrom flooded an area of about ninety acres of plaintiff's land to a depth of several feet, all of which was then in cultivation, with growing crops thereon, and damaged the land, by trash, dirt, weeds and driftwood being carried upon it, to the amount of $375.00. The plaintiff had an aggregate judgment, on the two causes of action, of $450.00, which defendant brings here for review on appeal.

The only assignments necessary to be considered are those relating to proofs as to the damage to plaintiff's reservoir, and the failure of the court to instruct as to the measure of damage to his land. The record discloses that the only instruction given to the jury on the question of damage, and the method of determining its amount, is this:

''If you believe that the reservoir mentioned in the complaint and evidence either broke its banks or overflowed, and that the overflow resulted in damage to the plaintiff, it would be your duty to assess such damage as may have been proven in evidence by the plaintiff.''

It is settled doctrine everywhere that:

''The rules by which damages are to be estimated should be laid down by the court, and it is its duty to explain to the jury the basis on which the assessment should be made, the proper elements of the damages involved, and within what limits they may be estimated in the case involved.

''The jury should not be left to determine the amount from conjecture and belief without reference to the legal rules determining the bounds and limits of compensation.'' — 13 Cyc. Law & Procedure, p. 236.

This is a rule of general practice. The court, on its own motion, should have instructed on this point, which it omitted to do. The significance of this omission is accentuated by the fact that the defendant specifically requested the court to instruct the jury in that connection, as follows:

"The court instructs the jury that the measure of damages for the alleged injury to plaintiff's land on account of it being covered with trash, sediment and debris, is the difference between the value of said land immediately before said alleged injury, and immediately after said alleged injury."

No testimony whatever as to the value of the land, either before or after the injury, was introduced. The plaintiff, to establish his damage, undertook to show what it would reasonably cost to clear the land. This is not the true measure of damage. The true one, under the facts here shown, is embodied in the instruction asked by the defendant, and refused by the court. Such refusal was fatal error.

It may be, and doubtless is, true that it would have been competent for plaintiff to have shown what the cost of clearing the land would reasonably be, as an element in assisting to determine the difference in the value of the land just before and immediately after the flooding. It is, however, clear that the amount of damage cannot be fixed and settled by such method, without reference to the value of the land at the time of and after the happening. If the rule were as contended by plaintiff, it is manifest that, in some cases, the cost of removing rubbish and debris might be more than the value of the land before the injury, and more than its worth after cleared. There is nothing in the facts of this case to take it out of the general rule above set forth. Suppose the real worth of plaintiff's land was less per acre than it

would reasonably cost to clear it, and there is nothing in the record to show that such is not the precise situation, will it be contended that defendant should be mulcted in damages for more than the actual loss, or that plaintiff should recover on that basis? It is only necessary to thus point out the inequity of this method of computation, to clearly indicate that the measure of damage counted on by plaintiff, and permitted by the court, is improper. Otherwise stated, the reasonable cost of clearing the land is not the measure of damage, under the facts presented, but rather evidence to be considered, in connection with other circumstances in estimating the extent thereof. —Sedgwick on Damages (8th ed.), § 932; Sutherland on Damages (2nd ed.), § 1017; *Sullens v. Chicago, R. I. & P. Ry. Co.,* 74 Iowa 659; *Reichert v. Backenstross,* 24 N. Y. Supp. 1009; *Higgins v. N. Y., L. E. & W. R. Co.,* 29 N. Y. Supp. 563; *Gentry v. Richmond & D. R. Co.,* 38 S.Carolina 284; *Trinity & S. Ry. Co. v. Schofield,* 72 Texas 496; *International & G. N. Ry. Co. v. Davis,* 29 S. W. 483; *Koch v. Sackman-Phillip Inv. Co.,* 9 Wash. 405; *De Costa v. Mass. Mining Co.,* 17 Cal. 613; *McGuire v. Grant,* 25 N. J. Law Rep. 356; *Easterbrook v. Erie Ry. Co.,* 51 Barbour 94; *Jones v. Gooday,* 8 M. & W. 146; *Honsee v. Hammond,* 39 Barbour 89; *Holt v. Sargent,* 15 Gray 97; *C. K. & W. R. R. Co. v. Willits,* 45 Kan. 110; *Fremont, Elkhorn & Missouri Valley R. R. Co. v. Harlin,* 36 L. R. A. 417; *Hanover Water Co. v. Ashland Iron Co.,* 84 Pa. St. Rep. 279.

With reference to the damage to the reservoir, the only testimony introduced to that point was a statement by plaintiff, over the objection of defendant, in effect, that some eight or ten months after the washout, he had expended about $200.00 in making repairs. There was not a syllable of testimony to show that such repairs were made necessary by

the flooding, or that their cost was reasonable and proper, or as to the actual amount of damage to the reservoir. Manifestly such testimony alone was wholly insufficient by which to ascertain and fix the amount of that injury.

On this record, it is plain that the judgment cannot stand, and, for the reasons given, it is reversed, and the cause remanded for further proceedings according to law.

We decline to discuss or consider other alleged assignments, since such as are said to have occurred may not intervene at another trial.

*Reversed and cause remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE WHITE concur.