[No. 3385.]

## COLORADO SPRINGS RAPID TRANSIT RAILWAY CO. ET AL. V. ALBRECHT.

1. DAMAGES—*Evidence as to.* In an action for the negligent obstruction of a water course, causing the accumulation of waters, flooding and devastating plaintiff's premises, it is proper to receive evidence as to the cost of removing sand washed upon the premises, replacing and repairing buildings and bridges, as to the value of trees uprooted, and outbuildings and beds of asparagus and strawberries swept away, as tending to show the difference in value of the land before and after the injury.

2. —— *Duty of Court to Instruct as to Elements.* In an action for a tort the court should, of its own motion, instruct the jury as to the elements of damage, the basis on which the assessment should be made, and within what limits the damages may be estimated. It is error to leave the jury to make an award based on conjecture and belief, without reference to legal rules determining the limits of compensation.

3. INSTRUCTIONS—*Non-Direction.* Where throughout the trial the defendant insists, in vain, upon the true rule of damages, he will not be regarded as waiving his right to a suitable instruction upon the question, by merely failing to expressly request it.

4. —— *Misleading.* Where there is no instruction as to the elements of damage, and the court during the progress of the trial has made frequent and diverse rulings as to the admissibility of testimony, a direction to the jury not to consider "any remark, decision or order made during the trial" serves to accentuate the improper freedom allowed the jury to enter into the field of conjecture, and is error.

5. PLEADINGS—*Verification.* The provisions of the code (Rev. Code, sec. 67), requiring that when a pleading is verified by some one other than the party the affidavit must state the reason why the verification is not made by the party himself, is mandatory. A reply verified by the attorney of the plaintiff without any showing why the verification is not made by the plaintiff, should be stricken from the files.

6. CORPORATION—*Successor to Another—Liability for Such Predecessor.* That a corporation is formed with the purpose, among other things, to take over the properties of another and conduct the same business or enterprise, and that it does actually acquire all the properties of such former corporation is not, of itself,

sufficient to charge it with liability for its torts. Where there is no consolidation under the statute, it must appear that there was an express assumption of such liabilities, or an intention to discharge them, or that the transfer was done in fraud, either actual or constructive, as to the creditors of the original corporation.

*Appeal from El Paso District Court.* HON. W. S. MORRIS, Judge.

Mr. DAVID P. STRICKLER, Mr. J. A. RITTER, for appellants.

Messrs. ORR & CUNNINGHAM, Mr. H. M. MASON, for appellee.

Judgment reversed.

KING, J., delivered the opinion of the court.

CUNNINGHAM, J., not participating.

This action was brought by appellee against The Colorado Springs Rapid Transit Railway Company, and The Colorado Springs and Interurban Railway Company, corporations, as defendants, to recover damages in the sum of $3,500 alleged to have been sustained by plaintiff through the negligence of The Colorado Springs Rapid Transit Railway Company in building and maintaining a stone wall in the bed of a stream, on and along the bounary of plaintiff's land, in such condition that it became undermined by, and falling into the stream, caused the water to overflow upon and flood the land of plaintiff.

The complaint charged that the flood water swept over plaintiff's premises with such velocity and force that his dwelling was torn from its foundation and its walls damaged; that the land was

washed away to such an extent that growing fruit trees were uprooted, and shrubs, asparagus and strawberry beds were entirely carried away and destroyed, as well as the stone abutments of a foot-bridge, the foot-bridge itself and certain outbuildings, and some personal property; that immense deposits of sand and rubbish were left upon and covering the premises, besides other permanent injury not necessary to mention.

Defendants denied the allegations of negligence, and, as an affirmative defense, alleged that the injury to plaintiff's premises, as well as the destruction of the stone wall belonging to the said Rapid Transit Company, was caused by an unprecedented flood, a cloud-burst of unusual size and devastating character, unforeseen and unforeseeable by defendant; in other words, an act of God.

The jury returned a verdict for plaintiff against both defendants, upon which judgment was rendered by the court, and from which defendants appealed.

The only assignments of errors necessary to be considered are those relating to the proof of damage to plaintiff's land, and the failure of the court to give any instruction as to the measure of damage. The only instruction given on the question of damage, or to guide the jury in determining the amount thereof, was, that if they found for the plaintiff they should give him "such amount as you may find from the evidence he is entitled to recover, not exceeding the sum of $3,500." No testimony was offered as to the value of the land either before or after the injury. The plaintiff, in order to establish his damage to the freehold, testified as to the cost of re-

moving the sand, replacing the house on its foundation and repairing it, replacing the abutments of the foot-bridge, and as to his estimate of the value of the growing fruit trees, and of the beds of asparagus and strawberries, and the value of the outbuildings. This testimony and these estimates of values were, we think, admissible as elements tending to show the difference in value of the land before and after the flood, but it is settled in this state that the amount of the damage to real estate, under circumstances as shown in this case, cannot be fixed and determined by such method without reference to the value of the land before and after the injury complained of, and that the jury must be so instructed. The rule governing the duty of the court in instructing the jury, and as to the method of proving the amount of damages, is declared by the supreme court of this state in the case of *Mustang Reservoir etc. Co. v. Hissman*, 49 Colo., 308, and as the facts (except as to certain personal property) are strikingly similar, indeed, almost identical with those of the case now under consideration, we shall quote from the opinion of Mr. Justice Bailey in the case cited: "It is settled doctrine everywhere that: 'The rules by which damages are to be estimated should be laid down by the court, and it is its duty to explain to the jury the basis on which the assessment should be made, the proper elements of the damage involved, and within what limits they may be estimated in the case involved. The jury should not be left to determine the amount from conjecture and belief without reference to the legal rules determining the bounds and limits of compensation.'—13 Cyc. Law & Proceed-

ure, p. 236. This is a rule of general practice. The court, on its own motion, should have instructed on this point.''

The case cited is also directly in point, and controlling, on the method of proof of damages to the freehold, and amply supported by the authorities therein collected. The necessity for a definite instruction, as hereinbefore set forth, is made evident and emphatic by a reading of the bill of exceptions in this case. Much of the time during the introduction of testimony the learned judge who presided at the trial was in doubt as to the proper rule for the measure of damages, and yet the jury was left wholly without a guide upon that subject and to ascertain the amount from ''conjecture and belief without reference to legal rules determining the bounds, and limits of compensation.'' The instruction as given was not only subject to objection for non-direction in the matter mentioned, but it contained serious if not fatal misdirection in that it permitted a verdict in any sum not to exceed $3,500, whereas, there was no evidence to authorize a verdict in excess of about $1,200, under any view of the case, unless from mere conjecture as to permanent and continuing injury as alleged in the complaint. This court cannot say that such instruction was not prejudicial. In view of the record which shows that counsel for appellants, throughout the trial, insisted, but without avail, upon a ruling from the court that the measure of damage to the freehold must be the difference in the value of the land before and after the flood, appellants will not be held to have waived their right to a suitable instruction by failing to specifically request or tender it.

We might decline to discuss further assignments, but in view of another trial, the following observations are for guidance of court and counsel:

(1) Motion was made to strike the separate replications for the reason that they were verified by plaintiff's attorney and the affidavit failed to state the "reasons why it was not made by one of the parties," as required by the code. This provision of the code is mandatory. It is possible that counsel contended and the court held that the affidavit in substance was that "the facts were within the knowledge of the attorney verifying the same." It requires a very liberal construction of the language used to so hold. It is rather an allegation that the attorney was familiar with the pleading than that the facts were within his knowledge. Besides, if made because the facts were within his knowledge, the verification should have been substantially in the form required by the code when made by a party to the suit, instead of in the form prescribed as permissible where made by an agent or attorney for a corporation. The motion to strike should have been sustained.

(2) The seventh instruction, to the effect that in case the jury should find from the evidence that The Colorado Springs and Interurban Railway Company was organized and incorporated for the purpose and with the intention, among other things, of acquiring the property, and thereafter to carry on the business and affairs of The Colorado Springs Rapid Transit Railway Company, in its place and stead, the verdict should be against both defendants in case it was in favor of plaintiff, is assigned as error. The Interurban company was not charged with

the negligence complained of. The complaint alleged that said company was organized and incorporated in succession to its co-defendant, and, among other things, for the purpose of acquiring its property and to assume its liabilities and obligations; that thereafter it did purchase and take over all the property of its co-defendant, and that *"by reason thereof,* it did assume all obligations and liabilities then existing" against said co-defendant. The cause was tried upon the theory that because all the property of the selling company was transferred to the purchasing company, therefore and thereby, the latter company actually or impliedly assumed all the obligations and liabilities of the other. We will quote from counsel's brief a statement of their theory: "Plaintiff therefore proceeded against the new company upon the theory of implied assumption of the liability of the old company toward him." The allegations of the complaint and the evidence in support thereof were not sufficient to sustain a judgment against The Colorado Springs and Interurban Railway Company, based upon an assumpsit, actual or implied. There is no allegation or proof that the purchasing company expressly agreed to pay or assume the obligations, nor evidence of intention to pay the claim sued upon, but any such intention was expressly denied; nor that the new corporation was merely the old one under a new name. It was alleged and shown that the new company was incorporated for the purpose of not only taking over the property of its co-defendant, but for other purposes, among which was the purchase of the property of another and similar railway company, which it did purchase and take over. There was no consolida-

tion under the statute imposing liability. The rule is as stated in 2 Clark & Marshall on Private Corporations, section 342 (h), that, in order that a promise may be implied on the part of a corporation to pay the debts of another corporation, to the property and franchises of which it has succeeded by valid purchase, the conduct relied upon must show such an intention. The instruction was, in effect, an instructed verdict against the defendant, the Interurban company, in case the jury's finding should be against its co-defendant, and was clearly erroneous if based upon plaintiff's theory of implied assumpsit.—*Austin v. Tecumseh National Bank,* 49 Neb., 412; 59 Am. St. Rep., 543, and cases cited. *Pennison v. Chicago etc. Ry. Co.* (Wis.), 67 N. W., 702. *Tawas etc. Railroad Co. v. Judge,* 44 Mich., 479. If any ground of liability is alleged or disclosed, it is that of fraud, actual or constructive, by which, in respect to the property, the purchasing company may be held liable in equity to creditors of the old corporation if fraud is shown in the transfer.—*Armour v. E. Bement's Sons,* 123 Fed., 56. But upon that we express no opinion, lest it might anticipate or embarrass further proceedings in case of a new trial. The cases cited by counsel for appellee in support of liability by implied assumption, apply rather to cases of constructive fraud, or of consolidation or merger, covered by statute, as admitted by them in their written briefs.

(3) The eleventh instruction charged the jury that "no remark, decision or order made by the court during the progress of the trial" was to be considered by them. In view of the frequent and diverse rulings of the court on the admission of

testimony, and the omission of necessary instruc-
tions as to the rule for the measure of damages, this
instruction is clearly erroneous, and serves to ac-
centuate the freedom with which the jury were al-
lowed to enter into the field of conjecture and be-
lief, without reference to legal rules, condemned by
the court in *Mustang Reservoir etc. Co. v. Hissman,*
*supra.*

The cause is reversed and remanded for fur-
ther proceedings in accordance with the views here-
in expressed.