### No. 9422.

NORTHERN COLORADO IRRIGATION COMPANY *v.* REUTER.

1. ORAL LICENSE—*To Occupy and Improve Lands*, e. g. by the erection of a bridge over an irrigating canal, acted upon, is irrevocable.

Even if the bridge is found to interfere with the duty of the owner
of the irrigating ditch to serve those dependent thereon for
water, it is not to be summarily removed, but only through
legal and orderly procedure.

2. DAMAGES—*Measure Of,* in an action for destroying a bridge by
which a land-owner is entitled to access to his land, is the differ-
ence between the rental value of the land, for the period in-
volved, with the bridge in place, and the rental value after
the destruction of the bridge, together with the actual value
of the bridge at the time of destruction.

*Error to Arapahoe District Court, Hon. Jesse C. Wiley,
Judge.*

Mr. H. L. SHATTUCK, Messrs. OWEN & CLARK, Mr. L. H.
BURKHARDT, for plaintiff in error.

Mr. RALPH E. C. KERWIN, Mr. JOHN P. AKOLT, for de-
fendant in error.

Mr. Justice Bailey delivered the opinion of the Court:

SUIT was by Paul Reuter to recover damages for the
alleged destruction of a bridge built by him across an irri-
gating canal belonging to plaintiff in error. The canal
divides into two parts certain land owned by Reuter, in
Arapahoe County. The complaint originally contained two
causes of action, one in trespass, and one in ejectment, the
latter was abandoned. The jury found the issues gener-
ally in favor of the plaintiff, and returned answers to cer-
tain special interrogatories. By the verdict actual dam-
ages were assessed in the sum of $1,225.00, and plaintiff
was also allowed $1,000.00 exemplary damages. The lat-
ter, however, was remitted by the court, and the judgment
was entered for $1,225.00, which is here for review.

Numerous errors and cross errors have been assigned
and argued, but we shall discuss only such as are decisive
of the case. It appears that a quitclaim deed to a strip
of ground one hundred feet wide across the land, which
the plaintiff now owns was given the defendant company
in 1883, when such land was supposed to be part of a cer-

tain government land grant to a railroad company; later, after the ditch had been constructed and in operation, the grant was cancelled and the land opened to settlement, subject to vested ditch rights; the eighty acres here involved were filed upon as a homestead by the grantor of Reuter.

It is contended by the company that it has title in fee to the right of way, under color of title through the quit-claim deed, and payment of all taxes assessed upon such strip for seven successive years, immediately preceding the commencement of this action. This claim is denied by Reuter upon the theory that the withdrawal by the government of the grant upon which the title of the company dedpends, and the payment of taxes after title had issued to the grantor of Reuter, by both such grantor and by Reuter, after the latter became owner of the tract, estops the irrigation company from claiming that the payment of taxes for the seven years in question could have been in good faith.

It is immaterial for the purpose of this case whether the company has the fee to the hundred-foot strip, or a mere right of way, because, from stipulated facts, it appears that Reuter built the bridge by permission, and, to some extent at least, under the direct supervision of the company. Since the permission to construct the bridge was oral, it is contended that the license might be revoked at any time, and cases from other jurisdictions are cited as authority to establish this point. Here, however, it has repeatedly been held that an oral license, when acted upon and fully executed, becomes under such circumstances irrevocable.

In *Graybill v. Corlett*, 60 Colo. 551 (154 Pac. 730), at page 553, it is said:

"It is too well settled to require discussion that under the circumstances above stated a licensee holds under an irrevocable license and his right is as valid as if acquired by grant. *De Graffenried v. Savage*, 9 Colo. App. 131, 47 Pac. 902; *Tynon v. Despain*, 22 Colo. 240, 43 Pac. 1039."

The following decisions are to the same effect: *Gyra v.*

*Windler,* 40 Colo. 366, 91 Pac. 36, 13 Ann. Cas. 841; *Arthur Irr. Co. v. Strayer,* 50 Colo. 371, 115 Pac. 724; *D. & R. G. R. Co. v. Doelz,* 49 Colo. 48, 111 Pac. 595, and *Croke v. American Nat. Bank,* 18 Colo. App. 3, 70 Pac. 229.

It is clear, therefore, that plaintiff having had permission to construct the bridge, the structure was rightfully there, until such time as its alleged interference with the flow of water in the ditch could be legally determined, and that it could not be removed by the irrigation company upon its own motion, arbitrarily and by force and violence.

Whether the bridge might have been maintained against the will of the irrigation company, regardless of whether it interferes with the duty of the company to supply water for irrigation, and the successful maintenance and safety of the ditch, is not here involved, and we therefore express no opinion on that point. It is plain, however, that, in the face of the executed oral license, the bridge could not summarily and by force be done away with, but that if it could properly be removed at all, it should have been done through legal and orderly process.

The judgment must be reversed for failure of the court to correctly state the rule by which the damages to plaintiff, if any, should have been determined. The correct measure would be the difference between the rental value of the land, for the period involved, with the bridge in place, and the rental value thereof after the destruction of the bridge, together with the actual value of the bridge at the time it was destroyed. The court should have correctly instructed the jury, of its own motion, upon the measure of damage, and its failure to do so necessitates a reversal of the judgment.

Judgment reversed and cause remanded.

Mr. Chief Justice Garrigues and Mr. Justice Burke concur.

Decided December 1, 1919. Rehearing denied January 5, 1920.