## No. 10,171.

### BIJOU IRRIGATION DISTRICT *v.* CATERAN LAND & LIVESTOCK Co.

Decided November 6, 1922.   No change in opinion on rehearing April 2, 1923.

Action for damages to land occasioned by seepage. Judgment for plaintiff.

### *Reversed.*

1.  APPEAL AND ERROR—*Sufficient Evidence.* The contention, in an action for damages occasioned by seepage, that the evidence was insufficient to support the verdict, overruled.

2.  TRIAL—*View of Premises by Jury.* Where the jury is permitted by the court to view the premises involved in the litigation, the jurymen are expected to look at everything upon the viewed premises, and are not confined to the matters and things mentioned in the testimony given in the court room.

3.  PLEADING—*Evidence.* It is improper to plead matters which are merely evidentiary.

4.  APPEAL AND ERROR—*Instructions—Objections not Made Below.* Objections to instructions which are not made in the court below, will not be considered on review.

5.  SEEPAGE—*Damages—Evidence in Mitigation—Pleading.* In an action for damages alleged to have been occasioned by seepage,

evidence that the land seeped could be restored by drainage, is competent under a general denial, and such defense need not be pleaded specially.

6. PRACTICE AND PROCEDURE—*Stricken Evidence—Instructions.* Where evidence is stricken on the trial, and no objection is made or exception saved to the ruling by the party offering the testimony, he is barred from objecting to an instruction to the jury to the same intent.

7. EVIDENCE—*Competency.* When evidence which is competent but for one purpose is admitted for that purpose, it may be considered for no other; but evidence admitted for one purpose may be considered for every purpose for which it is competent so far as it is relevant to the issues in the pleadings. Instructions given and tendered on this point, held erroneous.

8. INSTRUCTIONS—*Questions not at Issue or in Evidence.* It is error for the court to instruct a jury on questions not presented by the pleadings, or with reference to matters irrelevant to the evidence.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. HUBERT D. WALDO, JR., Mr. GEORGE C. TWOMBLY, for plaintiff in error.

Messrs. PONSFORD, CARNINE & PENDER, Mr. WALTER S. COEN, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error was plaintiff below and had a verdict and judgment against plaintiff in error for $15,000 on account of damage to its land by seepage from defendant's reservoir. The plaintiff in error argues three points: 1. The evidence is insufficient; 2. The jury viewed the premises and looked at certain holes of which no testimony had been given; 3. Erroneous instructions were given and proper ones refused.

As to the first, the engineer witnesses for both sides

say that the source of some of the water on plaintiff's land was the reservoir of defendant. The only practical question for the jury, then, was: How much damage, if any, was done by such water? We cannot say the verdict was wrong.

As to the second: Testimony had been given of many holes bored to learn the position and course of the underflow. Upon the view by the jury, under order of court, the jurymen looked at other holes on the land of plaintiff in the corrals as well as those of which testimony had been received, and this is assigned as error. We do not think it was ground for a new trial. The jury upon view is expected to look at everything on the viewed premises. They are not confined to the matters and things mentioned in the testimony given in the court room. Yet, if they were, the witness Rhodes testified concerning water in the corrals. This is a different matter from an examination by some of the jury on their own motion without leave of the court. There was no proof of tampering with water in the holes and the court was right in overruling the motion for new trial on that point.

As to the third point:

(a) Instruction No. 1 given by the court was perhaps erroneous, but the only objection made to it was that it contained quotations from the second defense of the answer upon which no evidence had been offered and which were not relied on at the trial. The substance of the matter quoted was that the damage to the plaintiff's land was caused by high water in the river, heavy rains and seepage from the Putnam ditch. It was improper to plead the matter quoted because it was merely evidential, tending to show that the damage to plaintiff's land was not due to percolation or seepage from defendant's reservoir and so to support defendant's denials. *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196; *Swanson Theater Co. v. Pueblo Co.,* 70 Colo. 83, 86, 197 Pac. 762, and cases there cited. But we cannot say that the quotation of it was certainly prejudicial and cannot presume it to be so. We do not

agree that by merely quoting the answer the court restricted the consideration of the jury to the matters comprised in the quotation. Indeed the court in the same instruction, in addition to the matter complained of, stated the denials on which the defendant relies.

We cannot consider the other objections now made to instruction No. 1, because they were not made to the court below. Rule 7.

(b) The defendant introduced evidence tending to show that plaintiff's land could be drained and the damage averted, and plaintiff sought to introduce evidence to rebut it; then the court of its own motion refused to permit the rebuttal, stating that the defendant's evidence on that point would be "instructed out" and thereupon, on motion of plaintiff, struck out the said evidence of defendant. The defendant's counsel did not object or except to this order, indeed took no part in the colloquy between the court and plaintiff's counsel on the point, but when the court gave instruction No. 3, as follows:

"All evidence introduced for the purpose of showing the feasibility of construction of a drainage system for the drainage of plaintiff's land is stricken out and should not be considered by the jury," defendant objected and excepted.

The order and instruction were erroneous. Such evidence was cogent and weighty upon the question of the amount of damages. The damage claimed was $20,000. Suppose it could. be proved that although the land watersoaked was worth $20,000 less than when dry yet for $1,000 its value could be restored by drainage? The question answers itself. 17 C. J., 1038, and cases cited; *Mustang Reservoir Co. v. Hissman*, 49 Colo. 308, 310-11, 112 Pac. 800; *Colorado Springs Co. v. Albrecht*, 22 Colo. App. 201, 123 Pac. 957; *Hanrahan v. Baltimore*, 114 Md. 517, 80 Atl. 312.

The court ordered the evidence stricken and gave the instruction on the ground that the feasibility of drainage had not been pleaded; but the evidence went to negative

the amount of damages (31 Cyc. 210, note 93), was not in confession and avoidance, it would have been improper to plead it because it was mere evidence (*Swanson Theater Co. v. Pueblo Co., supra*), and it was competent in support of the denials. *Payne v. Williams, supra.*

The serious question here is whether the defendant is barred from objecting to the instruction by his failure to object or except to the order striking out his evidence. We think he is, because, by reason of the stand taken by the court at the time of the order, plaintiff was prevented from rebutting and the defendant by failing to object or except impliedly consented to the order. To allow him to practically reinstate such evidence (which would have the effect of sustaining his objection to the instruction in question) would prevent rebuttal and be unjust.

(c)   Defendant objected to instruction No. 13 on the ground that it assumed that 267.4 acres was the exact amount of land damaged, whereas the amount was in issue. We do not so construe the instruction. Under it the jury might well find that any amount of land less than 267.4 was damaged.

(d)   The court instructed the jury (Instruction No. 16) that "evidence offered or received for a special purpose can be considered for no other," and defendant tendered an instruction to the opposite effect, as follows:

"Testimony introduced by a party for a certain expressed object, cannot be limited by that object alone but must be taken and applied to any and all purposes of the case according to its own force and natural effect."

The instruction given is erroneous. The rule should be, and, as we understand it, is, that when evidence which is competent for but one purpose is admitted for that purpose it may be considered for no other (*Melcher v. Beeler*, 48 Colo. 233, 237, 110 Pac. 181, 139 Am. St. Rep. 273), and that evidence admitted for one purpose may be considered for every purpose for which it is competent so far as it is relevant to the issues in the pleadings. *Sill v. Reese*, 47 Cal. 294, 340; *Riverside Water Co. v. Gage*,

108 Cal. 240, 41 Pac. 299. Mr. Wigmore seems to take this rule for granted. 1 Wig. Ev. § 13. Counsel's statement of its purpose when evidence is offered is only to show a reason for its admission, not to limit its effect. *Sill v. Reese, supra,* 340. A different rule seems to be favored in 23 C. J. 56, but the California cases which are the principal ones there cited have been overruled by the cases from that state cited above.

The instruction requested by defendant was too broad. Under the above rule it is not unqualifiedly true. Moreover there was no evidence introduced expressly for a certain object. The request, therefore, was rightly refused.

Whether the instruction given was so prejudicial as to justify a reversal we do not wholly agree and do not find it necessary to decide because the case is reversed on other grounds.

(d) Objection is made to instruction 12 that it does not state the correct measure of damages, but no objection was made to it at the trial and we therefore cannot consider it. Rule 7. Counsel cite *Northern Colo. Irrigation Co. v. Reuter,* 67 Colo. 483, 486, 186 Pac. 286, to the effect that it is the court's duty of its own motion to instruct correctly as to the measure of damages. That may be the law but the case does not decide that an instruction given without objection may be the ground for a new trial.

(e) The complaint alleges injury from seepage and percolation. The court instructed the jury that proof of negligence was not necessary, but that a reservoir owner was, with certain exceptions, absolutely liable for damages by *"escaping"* water, and, against defendant's objection, added:

"If you find in this case that water escaped from this reservoir by seepage, percolation *or otherwise* and entered in or upon the land of plaintiff thereby damaging the same, then the defendant is liable therefor."

It is claimed that the instruction was irrelevant to the issues, which we think is true, because, by the use of the word "escaping," unqualified, together with the words "or

otherwise" the cause of the damage is extended beyond the allegations of the complaint and it was therefore erroneous to use them. Defendant in error answers that there was no evidence of any escape of water other than by seepage or percolation and so the words were merely surplusage; but that makes matters worse since then the instruction was irrelevant to the evidence as well as to the issues. This court has in cases too numerous to cite held it to be error to instruct the jury with reference to matters not in evidence. *D. & R. G. R. R. Co. v. Spencer,* 25 Colo. 9, 12-13, 52 Pac. 211; *R. G. S. R. R. Co. v. Campbell,* 44 Colo. 1, 18, 96 Pac. 986; *Gibbs v. Wall,* 10 Colo. 153, 158-160, 14 Pac. 216.

For giving this instruction the judgment must be reversed. Judgment reversed and new trial granted.

MR. JUSTICE CAMPBELL not participating.