## No. 12,621.

ROCKY MOUNTAIN FUEL COMPANY *v.* BELK.

(21 P. [2d] 186)

Decided April 10, 1933.

Mr. EDWARD P. COSTIGAN, for plaintiff in error.

Mr. CHARLES E. HOLCOMB, Mr. C. H. PIERCE, Mr. MIL-NOR E. GLEAVES, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the fuel company, the St. Louis, Rocky Mountain and Pacific Company of New Mexico as the New Mexico company, and defendant in error as Belk.

Belk brought this action against the fuel company to recover $5,615.73 for services as a detective. His amended complaint sets forth two causes of action, each for the same sum. The first is based upon an alleged specific contract with the fuel company, the second on an allegation that the fuel company had received said sum from the New Mexico company "to and for the use of the plaintiff," and had refused payment on demand. Belk also filed, on order of court, a bill of particulars. Issue was joined by answer and replication and the cause was tried to a jury. At the close of all the evidence Belk dismissed his second cause of action. The fuel company admitted an indebtedness of $327.90 and tendered that sum. The verdict was for Belk for $3,600, and to review the judgment entered accordingly the fuel company prosecutes this writ.

There are twelve assignments of error. But two questions thereby raised need be noticed: (1) That the two causes of action are so repugnant as to be destructive of each other and incapable of trial in the same suit, and that permitting them to stand until final submission was prejudicial error; (2) That there is no evidence to support the verdict.

1. Since our conclusion is that this judgment must be reversed, and since the second cause of action is now definitely out of the case by dismissal with prejudice, this alleged error requires no further consideration.

2. No good purpose could be served by a review in this opinion of the voluminous and complicated evidence in this case. Suffice it to say that it would support a verdict either for the sum sued for or for the sum admitted and tendered, but no possible view of it can reconcile it with the sum found by the jury or bring it within approximately $2,000 of that sum. Nor can the verdict be reconciled with Belk's bill of particulars.

■ "Neither the court nor the jury has any right to find for the plaintiff in contradiction of his bill of particulars." *Order of Railway Conductors v. Jones,* 78 Colo. 80, 89, 239 Pac. 882.

■ "A verdict must be consistent with some legitimate theory of the testimony, * * * where it is not * * *, it should be set aside." *Burns-Moore M. & T. Co. v. Watson,* 45 Colo. 91, 94, 101 Pac. 335; *Lenander v. Graves,* 45 Colo. 246, 100 Pac. 403. No defense of this illogical and unfounded verdict is made, or attempted, in the brief of counsel for Belk, and we can conceive of none.

Since other alleged errors, such as those respecting misconduct of counsel and jurors, are not likely to be repeated on a retrial of this cause, we pass them by. Belk's bill of particulars, having been filed prior to the dismissal of his second cause of action, he should, if so advised, be permitted to file an amended bill.

The judgment is reversed and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE CAMPBELL, MR. JUSTICE MOORE and MR. JUSTICE BOUCK, not participating.