No. 12,939.

LYNCH *v.* KUHLMANN INVESTMENT COMPANY ET AL.

(25 P. [2d] 744)

Decided September 18, 1933.

Mr. FLOYD F. MILES, for plaintiff in error.

Mr. MAX P. ZALL, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in the trial court in the same order as here and for convenience we refer to them as plaintiff and defendants.

Defendants, as real estate brokers, negotiated a trade of plaintiff's property. Plaintiff, claiming that they acted therein as her agents, and deceived and defrauded her to her injury and their profit, brought this suit for $1,500 actual and $2,000 exemplary damages, and prayed body execution.

The answer denied, generally, most of the allegations

of the complaint, and specifically that defendants were plaintiff's agents, or that they practiced any fraud or deception. It affirmatively alleged that plaintiff conducted her own investigation with respect to the transaction and relied upon her own judgment, and that she subsequently ratified the deal. These facts were denied by the reply. The cause was tried to a jury which returned a verdict for plaintiff for $196.54 "actual damages," and, answering a special interrogatory, found that defendants Kuhlmann and Weller, "in committing the tort complained of, were guilty of fraud and willful deceit and a reckless disregard of the rights of the plaintiff." To review the judgment thereupon entered plaintiff prosecutes this writ. Her four assignments may be reduced to one, i. e., that the verdict is unsupported by the evidence. No cross errors are assigned.

Plaintiff contends that the undisputed evidence shows actual damages, with interest, in the sum of $1,503. After the return of the jury she filed a motion for judgment for that sum, notwithstanding the verdicts. However, she made no motion for judgment, either at the close of her evidence or after both parties had rested. She requested no instruction fixing that or any other sum as her actual damages, in case the jury found that defendants were her agents, and she here admits the correctness of the instruction which submitted the amount of her actual damages to the jury.

That the defendants were plaintiff's agents, and that they defrauded her are settled by these verdicts. So far all parties accept them. The sole remaining question is the amount of the damages. Plaintiff insists that the sum claimed by her is established by the uncontradicted evidence and asks this court to direct the entry of a judgment accordingly. Defendants say that there are conflicts in the evidence. We think there are. But, viewed in its most favorable light, the testimony discloses damages exceeding, by several hundred dollars, the amount returned. No possible interpretation of the admitted

facts can bring them within reasonable range of the verdict. On the amount of damages it is therefore unsupported. *Rocky Mountain Fuel Co. v. Belk,* 92 Colo. 404, 21 P. (2d) 186.

The judgment, so far as it relates to the amount of damages, is reversed, and the cause remanded for a new trial on that issue only.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.