No. 14,667.

JACKSON *v.* TRAINOR.
(104 P. [2d] 606)

Decided July 1, 1940. Rehearing denied July 24, 1940.

Mr. HARRY E. MAST, for plaintiff in error.

Mr. CHARLES C. WOOLDRIDGE, Mr. CHARLES RIBAR, for defendant in error.

*En Banc.*

MR. JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

THE judgment here complained of was entered on a $246 jury verdict in the Crowley county county court, to which the case had been regularly appealed for trial de novo from a justice of the peace, who had entered judgment on a $100 jury verdict rendered before him. It being a case commenced in a justice court, there are no written pleadings.

Under the only assignment of error relied upon, the plaintiff in error, defendant below, contends that it was reversible error for the county court to omit instructing the jury "as to the proper measure of damages to be considered by the jury, in connection with the claims made against the defendant by the plaintiff," though the defendant did not request such an instruction. In support of this contention are cited the following: *Mustang Reservoir, Canal and Land Company v. Hissman,* 49 Colo. 308, 112 Pac. 800; *Colorado Springs Rapid Transit Railway Company, et al. v. Albrecht,* 22 Colo. App. 201, 123 Pac. 957; *Creighton et al. v. Campbell,* 27 Colo. App. 120, 149 Pac. 448. These cases need not be discussed. The last mentioned case was reversed in 63 Colo. 478, 167 Pac. 975. The other two are cases of tort, and can readily be distinguished from the case at bar, which is a case on contract.

■ The record before us does not contain the oral evidence given by the plaintiff and the defendant, who were the only witnesses. It does contain what purport to be the documents constituting the contract between the parties and also what purports to be an enumeration of the specific items of damage which, as the defendant states, the plaintiff expressly claimed — both before the justice of the peace and in the county court— had resulted from violation of the contract. No objection is made to any of these items. Even if they had been objected to, we could not—in the absence of the oral evidence taken by the trial court but not presented in the record—say that the verdict in the county court does not accurately and justly represent the injury suffered by the plaintiff. No prejudice to the defendant is shown.

■ As a general rule, in instructing the jury, nondirection constitutes prejudice only if a proper instruction is tendered by the complaining party to fill the alleged gap. *Mining & Milling Co. v. Prentice*, 25 Colo. 4, 7, 52 Pac. 210, 211. The facts disclosed by the record do not bring the present case within any valid exception to that rule. See also rule 7 of this court.

Judgment affirmed.