No. 19,763.

STATE OF COLORADO *v.* DAVID L. NICHOLL, ET AL.
(370 P. [2d] 888)

Decided April 23, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. W. H. MOULTON, Assistant, for plaintiff in error.

Mr. EARL J. HOWER, Mr. FRED M. WINNER, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE DAY.

THIS action involved flood damage to the property of the defendants in error as a result of the breaking of a dam commonly known as "Georgetown Dam." The dam was constructed by and under the supervision of the Colorado Fish and Game Commission, an agency of the State, and consent of the State to be sued was granted by the General Assembly. The court concluded that liability existed, and this determination is not contested. The only matter sought here to be reviewed by the State is the correctness of the amount of the judgment entered by the court. Trial was without a jury, and the court found damages in the sum of $24,882.48, which included loss of some personal property.

The objection of the State is predicated upon the admission in evidence of opinion testimony as to the value of the property as it was before the flood, and its value immediately thereafter. It is the contention of the State that this is not the correct measure of damages. It is argued that the court should have applied a measure of damages which would permit recovery by the plaintiffs of an amount least expensive to the defendant; that the damages were temporary, and reparable and that the costs of the repairs are the true measure of the damage.

Evidence introduced by plaintiff established the property was inundated by the flood; grass was washed out of the meadow; a considerable portion of the property was covered by silt and gravel to the depth of three and one-half feet; the channel of the stream was changed; the buildings were water-soaked and silt deposited therein.

The testimony was that all reasonable steps were taken to minimize the damage and make repairs; that the property was permanently damaged by the flood and that to remove the flood-deposited silt and gravel would be so expensive that it is not feasible. A real estate expert was called and testified that the property before the flood

was worth $55,000.00 to $60,000.00 and that after the flood it was worth $30,000.00. The owners of the property, David Nicholl and Helen Nicholl, were allowed to testify as to their opinion of the value of the property before and after the flood.

The State did not present evidence of value, nor was any evidence presented which would enable the court to find that the damage was only temporary. If the property could be repaired and restored to its former condition at a cost less than the damages awarded by the court, no such evidence was presented by the State.

■ The evidence by an independent expert as to the difference in value stands uncontradicted, and by itself would support the findings of the court, if such difference in value is the true measure of damages. We believe the proper measure of damages is set forth in *Mustang Co. v. Hissman,* 49 Colo. 308, 112 Pac. 800, which involved damages occasioned by the breaking of a reservoir flooding the land of the plaintiff and destroying a portion of his reservoir embankments and injuring prospective crops. The court there said it was error to refuse the following instruction tendered by the defendant on the measure of damages:

"The court instructs the jury that the measure of damages for the alleged injury to plaintiff's land on account of it being covered with trash, sediment and debris, is the difference between the value of said land immediately before said alleged injury, and immediately after said alleged injury."

And in referring to the evidence introduced by the plaintiff in that case which did not show the difference in value (as did that of the plaintiff in this case) the court used the following critical language:

"* * * The plaintiff, to establish his damage, undertook to show what it would reasonably cost to clear the land. *This is not the true measure of damage. The true one, under the facts here shown, is embodied in the instruc-*

*tion asked by the defendant, and refused by the court.
\* \* \*"* (Emphasis supplied.)
    The judgment is affirmed.

Mr. Justice Frantz and Mr. Justice Pringle concur.