SAFEWAY STORES, INCORPORATED,
Appellant,

v.

Mildred MURPHY, Appellee.

No. 16649.

United States Court of Appeals
Ninth Circuit.

May 20, 1960.

James A. Poore, Jr., Robert A. Poore, Urban L. Roth, Butte, Mont., for appellant.

Leif Erickson, Helena, Mont., for appellee.

Before ORR, HAMLEY and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

Appellee, Mildred Murphy, entered appellant's store to do some shopping. The floors had been freshly waxed the night before. Appellee slipped and fell and sustained serious injuries. She sued and the jury returned a verdict awarding her damages in the sum of $36,500. The question presented to us for decision is bottomed upon the contention that the evidence is insufficient to sustain the verdict.

The trial court in ruling on a motion for a new trial expressed the view that the law of the case had been established as that of the so-called California rule which recognizes that the establishment of a slipping fall itself is sufficient to allow the jury to draw an inference of negligence. See Nicola v. Pacific Gas & Electric Co., 1942, 50 Cal.App.2d 612, 123 P.2d 529. The trial court's view was that inasmuch as appellant failed to object to the following instruction it was thereby in no position to question the applicability of the California rule:

"A storeowner, such as Safeway in the present case, may treat his floors with wax and soap and water

or other substance in the customary manner without incurring liability to any patron of the store unless he is negligent in the materials he uses for the treatment or the manner of applying them, or the creation of a dangerously slippery condition, so that thereafter the floor is not reasonably safe for its intended use by the customers of the store."

As to this phase of the court's ruling we need not make a determination because, as the trial court pointed out, there is in addition to the fall itself substantial evidence to sustain a finding that appellant failed to maintain its premises in reasonably safe condition as required by Montana law. The trial court in its order denying a new trial marshalled the evidence in such a manner that we deem it worthy of incorporation in this opinion:

'The evidence discloses that the floor in the store had been waxed twice a week for 10 or 12 years, and that it was last waxed the evening before the morning on which plaintiff fell. Both the manager of the store and the janitor testified that the wax had a tendency to build up and accumulate on the floor to the extent that extraordinary steps were required to remove it. In this connection, the janitor testified that prior to the date of Miss Murphy's fall he had never dewaxed the floor, but that since then from time to time 'whenever he had some extra time' he would dewax the floor with hot water with lye in it. The manager testified that the excess wax was removed by scraping, and as best he could remember, the scraping off of the excess buildup of wax had last been done about two months before the accident. There was likewise testimony and a demonstration by the janitor as to how he applied the wax to the floor and spread it with a hand mop. The jury heard and saw this evidence, and could have found negligence in such method of application. It is not necessary, as defendant suggests, for the plaintiff to have proved a better method of waxing, in order for the jury to be warranted in finding that the method used was negligent.

"There was also evidence, before mentioned, that for some 10 or 12 years prior to the fall of Miss Murphy the entire floor in the store had been waxed twice a week. The evidence further showed that sometime after the accident the schedule was changed so that the entire floor was waxed only once a week and wax applied only to worn spots on the second occasion during the week, and that the place where Miss Murphy fell was not one of the places that received the second application in a week after the change was made. Whether such a post-accident change in method of operation can be considered in the ordinary case in determining negligence as of the time of the accident need not be considered here, because in the circumstances of this case, it was proper for the jury to consider. In the first place, evidence of the change was introduced by the defendant in its case and was received without objection. In the second place, during his argument to the jury, counsel for defendant demanded that counsel for plaintiff point out to the jury in what respects defendant had been negligent in maintaining its floor, and in what way it could improve its maintenance of the floor to make it safer for its patrons. Counsel for plaintiff in answer stated that defendant itself already discovered its negligence and had itself remedied the situation, pointing to the evidence of the change in the number of waxings of the floor per week. This was evidence which the jury could consider.

"Plaintiff testified she had been in the store at least several times a week for years prior to the accident, and that she had never seen the floor as shiny as it was on the day she fell. She testified she was wearing medi-

um, rubber heeled shoes in good condition and was walking in her normal manner at the time she fell. In this connection it was shown by the evidence that plaintiff was at that time, and for some thirty years, had been a waitress, an occupation which requires some considerable degree of adroitness afoot. This was a circumstance the jury might have considered in determining the cause of her fall.

"Then there was the evidence of the fall itself. Plaintiff testified that as she was walking along in a normal manner, her feet shot out in front of her, and she landed on her back and the back of her head with considerable violence. This was corroborated by witnesses for the defendant, clerks in the store, who heard the thud of plaintiff striking the floor at considerable distances away from where she fell. As Judge Pope stated in [Allen v. Matson Navigation Company, 9 Cir., 1958, 255 F.2d 273, 280]:

"'Although the mere fact that Mrs. Allen fell would by itself be no evidence as to why she fell, yet the circumstances of how she fell, when considered with other evidence in the case, has considerable significance. The witness who saw Mrs. Allen fall, as well as Mrs. Allen herself, testified that as Mrs. Allen walked across the landing, both her feet flew straight out in front of her and up into the air while she fell with a thud upon her back. That is at least some evidence that hers was a slipping fall.'

"Likewise in this case, while the mere fact that Miss Murphy fell would be no evidence of why she fell, the manner in which she fell has considerable significance, and indicates that hers was a slipping fall.

"Counsel for the defendant points to the lack of evidence in this case that there was a skid mark on the floor, or that there was after the fall wax on the plaintiff's shoes or clothes, such as is found in some slip and fall cases. However, in those cases such evidence merely tends to establish an accumulation of wax on the floor, and that plaintiff slipped on such wax, and is but one type of evidence establishing those facts. Here there was other types of evidence from which the jury could infer those facts. There is the evidence of the manager and janitor that the wax tends to build up, that the floor had not been dewaxed for two months prior to the plaintiff's fall; that since the accident the number of waxings of the floor at the point of plaintiff's fall had been reduced, and the manner in which plaintiff fell as indicating a slipping fall.

■ "The question of defendant's negligence was for the jury, and in the court's view there was ample evidence to support the jury's finding on that question, and its verdict will not be disturbed."

■ Appellant complains that the award of damages is excessive. We think not. Before her injury appellee had been employed as a waitress. Her earning capacity was $78.00 a week. She was, at the time of the accident, 55 years old. As a result of the injuries sustained in the fall she was permanently disabled. There is no evidence of passion or bias on the part of the jury which influenced its verdict, and we cannot say that the amount awarded is grossly excessive in light of the facts in this case. For an exhaustive and able discussion of appellate review of damage awards, see Southern Pacific Company v. Guthrie, 9 Cir., 1951, 186 F.2d 926, affirming 9 Cir., 1949, 180 F.2d 295 on rehearing.

Judgment affirmed.