No. 20936.

Ina F. Sanderson and Harvey L. Sanderson *v.* Safeway
Stores, Incorporated, a corporation, and
Thomas Hawk.
(421 P.2d 472)

Decided December 19, 1966.     Rehearing denied January 9, 1967.

Mellman, Mellman and Thorn, for plaintiffs in error.

Henry Blickhahn, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

INA F. SANDERSON brought an action to recover damages occasioned by the alleged negligence of Safeway Stores, Incorporated, and its manager Thomas Hawk, in maintaining the floor of the store. Harvey L. Sanderson is her husband, and he sued to recover for loss of services and consortium, and for medical expenses. At the conclusion of the Sandersons' evidence the trial court granted the defendants' motion for a judgment of dismissal, entered judgment thereon, and dispensed with a motion for new trial.

The Sandersons seek a reversal on the sole ground that they had made out a prima facie case for jury consideration, rendering erroneous the action of the trial court in granting the motion for judgment of dismissal.

The Sandersons entered the Safeway store to purchase groceries, and had selected a number of items which Mr. Sanderson wheeled in a cart toward a check stand when it was recalled that they wished to cash a check. To that end Mrs. Sanderson walked down an aisle of the store toward the cashier's desk when she slipped and fell, sustaining serious injuries to her left hip.

It appears that the Sandersons and other witnesses noted that the floor of the store was cleaned and waxed as usual on the day in question. There was nothing to indicate that the floor was different on that day from its condition on any other day when the plaintiffs or their witnesses were there as customers. According to all, the floor was clean and slick but such condition was not unusual.

It is the law that if there is no evidence upon which a jury may justifiably base a verdict for the plaintiff, the trial court should take the case from it and enter a judgment for the defendant. Plaintiffs' case

concluding in such posture should be resolved as a matter of law. *Hobson v. Porter,* 2 Colo. 28; cf. *Neal v. Wilson County Bank,* 83 Colo. 118, 263 Pac. 18.

The Sandersons invoke the so-called California rule which recognizes that proof of a slipping fall itself is sufficient to allow the jury to draw an inference of negligence, citing *Nicola v. Pacific Gas & Elec. Co.,* 50 Cal. App.2d 612, 123 P.2d 529. See *Safeway Stores, Inc. v. Murphy,* 278 F.2d 816.

In this state proof that the floor was waxed is not enough; it is still incumbent on the plaintiff to prove that the waxing was done negligently resulting in a dangerous condition. There is a lack of evidence in this record disclosing such negligence. Maintaining a waxed, highly polished floor is not negligence per se. *Gordon v. Clotsworthy,* 127 Colo. 377, 257 P.2d 410. Testimony that the floor of the store was slick and clean, a common condition, fails to indicate negligence. Id.

In its best light the evidence for plaintiffs was insufficient to establish negligence on the part of the defendant.

The judgment accordingly is affirmed.

MR. JUSTICE DAY and MR. JUSTICE McWILLIAMS concur.