520 P.2d 596 (1974)
Jordon PERLMUTTER et al., Plaintiffs-Appellees,
v.
Warren A. FLICKINGER, d/b/a Warren A. Flickinger & Associates, Defendant-Appellant, and
Riebe and Bowman, Inc., a Colorado corporation, Defendant.
No. 72-415.
Colorado Court of Appeals, Div. II.
January 22, 1974.
Rehearing Denied February 13, 1974.
Certiorari Denied April 15, 1974.
*597 Sheldon Silverman, Alexander J. Makkai, Jr., Denver, for plaintiffs-appellees.
Margaret Bates Ellison and William H. Knapp, Denver, for defendant-appellant Warren A. Flickinger.
Not Selected for Official Publication.
COYTE, Judge.
Defendant, Warren A. Flickinger, d/b/a Warren A. Flickinger & Associates, (Flickinger) appeals from a judgment entered against him in a suit for negligent design of skylights in a shopping center constructed and owned by plaintiffs. We affirm.
The record discloses that appellant is an architect who entered into a contract with the plaintiffs, whereby his firm was to perform certain architectural services in connection with the design and construction of a shopping center. In performance of the contract, appellant designed a skylight system for the mall area of the shopping center which was subsequently installed in accordance with appellant's plans and specifications by defendant Riebe and Bowman, Inc. Immediately after installation, the skylights began to leak, which leaks the contractor made repeated and unsuccessful attempts to repair. Plaintiff introduced into evidence the testimony of two expert witnesses who testified with respect to a number of defects in the design of the skylights. Both witnesses had personally inspected the skylights after installation, and each testified that in his opinion the design of the skylights made it impossible for them to function properly. Flickinger objected to the competency of the witnesses to testify in this regard.
After trial to the court, the court found that the design of the skylights was defective and that they were not properly installed and entered a judgment against the defendants jointly for a total award of $40,432.71. Defendant Riebe and Bowman, Inc., is not a party to this appeal. On appeal, Flickinger contends that plaintiff failed to make a prima facie case for negligent design because the standard of care for such professional services can only be established by the testimony of other architects practicing in the same locality. We disagree.
The proper standard of care required of one who practices the profession of architecture is stated in Colorado Jury Instructions 15:13 as follows:
"Duty of ArchitectNegligence

It is the duty of an architect in his work to employ that degree of knowledge, skill, and judgment ordinarily possessed by members of that profession, and to perform faithfully and diligently any service undertaken as an architect in the manner a reasonably prudent architect would under the same or similar circumstances."
See Kellogg v. Pizza Oven, Inc., 157 Colo. 295, 402 P.2d 633.
The sole question here is whether an individual who is not an architect is competent to testify as an expert witness concerning the adequacy of architectural design. The crucial factor in determining whether an individual is competent to testify as an expert witness on a particular matter is his possession of peculiar knowledge, skill, or experience, not common to the ordinary person, which renders his opinion valuable in aiding the court or the jury in resolving the questions at issue. National Fuel Co. v. McNulty, 65 Colo. 176, 177 P. 979.
Here, one of plaintiff's expert witnesses was a chemical engineer specializing in the field of plastics with 20 years experience in the design and fabrication of skylights in the Denver area. (The proper use of a plastic material in the design of the skylights was a critical issue at trial.) The other expert witness was a contractor with 23 years experience in the area of waterproofing and roofing. He testified that 25 percent of his business involves fabrication and repair of skylights. Based upon the knowledge and experience represented by these witnesses, the trial court correctly ruled that they were competent to give expert opinion testimony on the adequacy *598 of the design of the skylights. See Bloomsburg Mills, Inc. v. Sordoni Construction Co., 401 Pa. 358, 164 A.2d 201.
The trial court found that Flickinger breached his duty as an architect by submitting defective plans for the skylights. Since this finding was amply supported by the evidence, it will not be disturbed on review. Carter v. Pigg, 146 Colo. 306, 361 P.2d 437.
The judgment is affirmed.
ENOCH and PIERCE, JJ., concur.