## No. C-1291

**Hal Gordon Tamblyn and Katherine Tamblyn v. Mickey and Fox, Incorporated, Consulting Engineers, and Chen and Associates, Incorporated**

(578 P.2d 641)

Decided May 8, 1978.                    Rehearing denied May 30, 1978.

Alperstein, Plaut and Snead, Arnold Alperstein, Ronald C. Forman, for petitioners.

Tallmadge, Tallmadge, Wallace and Hahn, C. Thomas Bastien, for respondent Mickey and Fox, Inc.

Caskins, Hertzman & Chanzit, Richard M. Chanzit, William J. Caskins, Francis V. Cristiano, for respondent Chen and Associates, Inc.

Grant, McHendrie, Haines & Crouse, Charles H. Haines, Jr., Gary Holdeman, for amicus curiae Bechtel Corporation.

Banta & Eason, Richard Eason, Stephen G. Everall, for amicus curiae Arapahoe County School District No. 6.

Leland M. Coulter, Louise L. Edmonds, for amici curiae City of Aurora and City of Colorado Springs.

Horn, Anderson & Johnson, Louis Johnson, for amici curiae City of Aurora and City of Colorado Springs.

Margaret Bates Ellison, for amici curiae Consulting Engineers Council of Colorado, Colorado Society of Architects, and Professional Engineers of Colorado.

Robert J. Mason, for amicus curiae James and Hannah Duncan.

David C. Mize, for amicus curiae Schuster-Graham Homes, Inc.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

Petitioners, the Tamblyns, brought this action for damages alleging that the respondents had negligently performed certain engineering work related to the construction of the Tamblyns' home. The trial court granted the respondents' motions for summary judgment, holding that the action had not been brought within two years after the claim for relief arose, and was therefore barred by section 13-80-127, C.R.S. 1973.[1] The court of ap-

---

[1] *"Limitation of actions against architects, contractors, engineers, and inspectors.* (1) All actions against any architect, contractor, engineer, or inspector brought to recover damages for injury to person or property caused by the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within two years after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than ten years after the substantial completion of the improvement to the real property, except as provided in subsection (2) of this section.

"(2) In case such injury to person or property occurs during the tenth year after substantial completion on the improvement to real property, said action shall be brought within one year after the date upon which said injury occurred.

"(3) Nothing in this section shall be construed as extending the period or periods provided by the laws of Colorado or by agreement of the parties for bringing any action, nor shall this section be construed as creating any cause of action not existing or recognized on or before June 1, 1969.

"(4) The limitations provided by this section shall not be asserted as a defense by any person in actual possession or control as owner, tenant, or otherwise of such an improvement at the time any deficiency in such an improvement constituted the proximate cause of the injury for which it is proposed to bring an action.

"(5) For the purposes of this section, 'substantial completion' means that degree of completion of an improvement to real property at which the owner can conveniently utilize the improvement for the purpose for which it was intended."

peals affirmed. *Tamblyn v. Mickey and Fox, Inc.,* 39 Colo. App. 319, 568, P.2d 491 (1977). We granted certiorari, and now reverse the court of appeals and remand the case for further proceedings.

The Tamblyns' home was constructed by Golden Key Homes Building Corporation with the engineering assistance of the respondents, Chen and Associates, Inc., and Mickey and Fox, Inc. The first owners of the home purchased it on May 27, 1972; the Tamblyns purchased it from them on January 2, 1973. The builder's warranty was extended for the Tamblyns' benefit to May 24, 1973.

The Tamblyns began to notice numerous defects shortly after they occupied the home. On May 15, 1973, they sent a letter to the builder notifying it of those defects, including a leak in the basement wall, a crack in the basement floor, sagging and cracking window sills, and other problems. The letter stated, however, that the Tamblyns were generally quite pleased with the house, and that they were submitting the list of defects solely to notify the builder of a claim for repairs under the warranty.

Later, in affidavits filed in opposition to the respondents' motions for summary judgment, the Tamblyns also stated that the defects set forth in the letter had appeared at the time to be "of a very minor nature" or "merely cosmetic and finish details which the contractor is normally expected to correct." These affidavits also asserted that it was not until late spring of 1974, when the Tamblyns noticed extensive cracking in other parts of the house, that they became aware that the problems were of a serious nature. In July, 1974, the Tamblyns employed an engineering firm, which reported that the house had serious structural defects. After the builder refused to repair the defects, the Tamblyns filed this suit on May 27, 1975, against the builder and the respondent engineers.

The trial court awarded summary judgment to the respondents on the ground that section 13-80-127, *supra,* required the action to be brought within two years after the claim arose, and the Tamblyns had failed to meet that requirement. The court of appeals affirmed, holding that the statute of limitations began to run no later than May 15, 1973, when the Tamblyns sent their letter to the builder reflecting some knowledge of defects in materials or workmanship. The court held that the fact that the Tamblyns were not at first aware of the seriousness, extent, or cause of the damages, or the identity of parties responsible for them, did not toll the running of the statute, since there was *some* damage entitling them to

maintain a claim for relief against the builder.

We initially granted certiorari to review the propriety of granting summary judgment under these circumstances. We need not now address that issue, however, for our unanimous opinion in *Duncan v. Schuster-Graham Homes, Inc.,* 194 Colo. 441, 578 P.2d 637 is controlling here on other grounds.

The *Duncan* case held that the special two-year statute of limitations, section 13-80-127, "does not apply to claims for deficiencies in a structure itself, *i.e.,* where the plaintiff seeks only to receive what the builder promised to deliver, or damages to compensate him for deficiencies in the final product." 194 Colo. at 446, 578 P.2d at 640. Since the announcement of that opinion, numerous briefs have been submitted in this case — both by the parties and by *amici curiae* – arguing for and against *Duncan's* analysis of section 13-80-127.

■ As we emphasized in *Duncan,* the plain language of section 13-80-127 reflects a legislative intent to apply the shorter limitations period only to claims for personal injury or damage to property *other than the defective improvement itself.*[2] The arguments raised in this case by the respondents and certain *amici,* such as the potential effect of the *Duncan* interpretation on those protected by the statute, relate primarily to *policy* matters. Those arguments should be addressed to the General Assembly, which enacted the statute in its present form. Other arguments set out in the many briefs filed since *Duncan* was announced merely speculate about the impact of the *Duncan* opinion in conjectured fact situations not now before us. Obviously we cannot deal with these issues until and unless they are appropriately presented in actual cases.

The contentions in this case regarding our construction of the statute and determination of legislative intent were adequately addressed by the *Duncan* opinion.

■ In this case, the Tamblyns' claims appear to relate only to deficiencies in the real property improvement itself, and do not seek damages for personal injuries or harm to other real or personal property. Under *Duncan,* such claims are covered by the six-year statute of limitations, section 13-80-110, C.R.S. 1973.

It is irrelevant that the Tamblyns' claims against these respondents are based on negligence, rather than breach of contract or warranty. Although in *Duncan* we noted for illustrative purposes that the petitioners' implied warranty of habitability claims were basically contractual in nature, we did not intend to imply that *only* contractual claims were ex-

---

[2] One brief has suggested that this holding limits the statute's coverage to actions for personal injury or *personal property* damage. This is not true, for circumstances are readily conceivable in which deficiencies in a structure could cause damage to adjacent or nearby real property, as well.

cepted from the coverage of section 13-80-127.

The holding of *Duncan,* as stated earlier in this opinion, is that the special two-year limitation by its terms does not apply to any claims for damages for deficiencies in the improvement itself. That test, rather than the tort or contract nature of the action seeking compensation, is dispositive, for it is that test which is mandated by the language of the statute. *Cf. Kittson County v. Wells, Denbrook and Associates, Inc.,* 241 N.W.2d 799 (Minn. 1976). This distinction drawn by the statute simply reflects the legislative purpose of providing consumers, as distinguished from third-party claimants, greater access to relief against those responsible for deficiencies in homes or other real property improvements.

We conclude, therefore, that the trail court erroneously granted the respondents' motions for summary judgment on the basis of section 13-80-127, *supra.*

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded for further proceedings consistent with this opinion.

MR. JUSTICE GROVES does not participate.