590 P.2d 73 (1978)
Constance DRISCOLL and Therese Bonfiglio, Plaintiffs-Appellants,
v.
COLUMBIA REALTY-WOODLAND PARK CO., a Colorado Corporation, Tom Collins, Woodland Pump and Supply Co., a Colorado Corporation, and American Federal Savings and Loan, Defendants-Appellees.
No. 78-529.
Colorado Court of Appeals, Div. III.
October 26, 1978.
Rehearing Denied November 16, 1978.
Certiorari Denied January 29, 1979.
*74 Cooke, Gilles & Schaefer, William J. de-Winter, III, Denver, for plaintiffs-appellants.
Gibson, Gerdes & Cambpell, Frederick H. Campbell, Colorado Springs, for defendant-appellee Woodland Pump and Supply Co.
PIERCE, Judge.
Plaintiffs, Constance Driscoll and Therese Bonfiglio, appeal the district court's entry of summary judgment in favor of defendant Woodland Pump and Supply Company. We reverse.
Plaintiffs entered into a contract with defendants Columbia Realty and Tom Collins, under which Columbia and Collins agreed to build a house for plaintiffs. Defendant Woodland was hired by Columbia and Collins as the plumbing subcontractor. The plumbing system which Woodland installed included a pump connected to a well. Woodland tested the well, but shortly after plaintiffs moved into the house the pumping system failed, and plaintiffs have been without water since.
Plaintiffs sued Columbia, Collins, and Woodland. Their claim against Woodland was based solely on negligence, and the district court granted summary judgment in favor of Woodland on the ground that plaintiffs and Woodland were not in contractual privity.
We note initially that, contrary to Woodland's contention, this judgment is appealable since the court specifically found that there was "no just reason for delay in entering final summary judgment as between these parties . . . ." C.R.C.P. 54(b). See Levine v. Empire Savings & Loan Ass'n, 34 Colo.App. 235, 527 P.2d 910 (1974), aff'd 189 Colo. 64, 536 P.2d 1134 (1975).
We also disagree with Woodland's contention, and the trial court's assumption, that Woodland is insulated from liability because it lacked contractual privity with plaintiffs. The rule that, absent privity, contractors and subcontractors are not liable in negligence for damage occurring after completion of the work and acceptance by the contractee, has been rejected by the bulk of jurisdictions which once adopted it. See, e. g., Dow v. Holly Mfg. Co., 49 Cal.2d 720, 321 P.2d 736 (1958); Totten v. Gruzen, 52 N.J. 202, 245 A.2d 1 (1968). See generally 2 F. Harper & F. James, The Law of Torts, § 28.10 at 1556 (1956). We are aware of no Colorado cases in which this "accepted work doctrine" has been adopted, and we decline to adopt it now, as the doctrine creates illogical and unjust exceptions to general negligence principles. See 2 F. Harper & F. James, The Law of Torts, supra. Just as lack of privity is no bar to a claim based on products liability, Good v. A. B. Chance Co., Colo.App., 565 P.2d 217 (1977), we hold it is no bar to a claim based on a subcontractor's allegedly negligent performance of a service contract. See Samuelson v. Chutich, 187 Colo. 155, 529 P.2d 631 (1974).
We also reject Woodland's suggestion that privity is required because plaintiffs suffered only property damage, and not personal injury. We are aware of no decision in this jurisdiction that has ever made such a distinction for purposes of defining negligence. On the contrary, "`one who suffers an injury to his person or property because of a negligent act of another has a right of action.'" Dobbs v. Sugioka, 117 Colo. 218, 185 P.2d 784 (1947) (emphasis added). See also Kellogg v. Pizza Oven, Inc., 157 Colo. 295, 402 P.2d 633 (1965).
The summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
RULAND and VanCISE, JJ., concur.