**William E. WELLER and Shirley Mae Weller, Plaintiffs-Appellants,**

v.

**COSMOPOLITAN HOMES, INC., Hutchinson Construction Co.; Builders Research & Engineering Co.; and One or More John Does Whose Identity is now Unknown, Defendants-Appellees.**

No. 80CA0084.

Colorado Court of Appeals,
Div. I.

July 10, 1980.

Rehearing Denied Aug. 21, 1980.

Certiorari Granted Feb. 25, 1981.

Omer Griffin, Denver, for plaintiffs-appellants.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Thomas T. Tornow, Denver, for defendants-appellees.

COYTE, Judge.

Plaintiffs appeal from a judgment of the trial court dismissing their complaint. We reverse.

In January 1977, plaintiffs purchased a home which had been built by defendants in 1973. Prior to plaintiffs' purchase of it, there had been several owners of the house. In their complaint, plaintiffs alleged that the residence was in defective condition when purchased; that they were without knowledge or skill to enable them to detect the defective condition of the property; that after they moved in, severe cracks in the structure developed and that they became aware of numerous defects in workmanship, design and material; that the premises had been defectively constructed; that defendants knew or should have reasonably foreseen the contemplated defective conditions; and the defendants' negligence in the construction and design of the premises proximately caused plaintiffs' damages and will continue to cause damages.

In response to plaintiffs' complaint, defendants filed a motion to dismiss for failure to state a claim. On the basis that the plaintiffs were not "the first purchasers or users of the premises," the trial court dismissed plaintiffs' complaint. This was error.

■ Colorado has recognized recovery of damages for negligence without the parties being in privity of contract. In *Wright v. Creative Corp.*, 30 Colo.App. 575, 498 P.2d 1179 (1972), plaintiffs were the second owners of a home and sought recovery for injuries sustained when their daughter ran into an unmarked sliding glass door. In concluding that a claim for relief sounding in negligence had been stated, the court determined that as to structures, as well as to chattels, tort liability may attach irrespective of contractual relationship.

Similarly, in *Tamblyn v. Mickey & Fox, Inc.*, 195 Colo. 354, 578 P.2d 641 (1978), a subsequent homeowner sued the builder for negligence in constructing the home which resulted in property damage to the residence. In determining that the claim property damage claim was not barred by the special statute of limitations, § 13–80–127 C.R.S. 1973, the Supreme Court held, by implication, that subsequent purchasers may assert a claim for negligence against the builder.

■ Since *Wright*, expressly, and *Tamblyn*, impliedly, hold that subsequent home buyers are within the class of persons to whom builders owe a duty of care, we conclude that where a subsequent purchaser of a house seeks to recover for property damage to the structure allegedly caused by the negligence of the home builder, an actionable claim for relief has been stated.

Whether subsequent homeowners can maintain an action against the builder for breach of implied warranty of habitability is not the issue here. *See Glisan v. Smolenske*, 153 Colo. 274, 387 P.2d 260 (1963); *Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399 (1964). This is a negligence action.

The judgment is reversed and the cause is remanded with instructions to reinstate plaintiffs' complaint.

VAN CISE and KIRSHBAUM, JJ., concur.