Wayne A. and Cheryl JOHNSON, Plaintiffs-Appellees and Cross-Appellants,

v.

Robert G. GRAHAM, Defendant-Appellant,

Builders Realty, Inc., Defendant and Cross-Appellee,

and

Tri-Aspen Construction Co., Defendant-Appellant and Cross-Appellee.

No. 81CA0944.

Colorado Court of Appeals, Div. I.

Sept. 22, 1983.

Rehearing Denied Oct. 13, 1983.

Certiorari Granted April 9, 1984.

Rector, Retherford, Mullen & Johnson, Neil C. Bruce, Anthony A. Johnson, Colorado Springs, for plaintiffs-appellees and cross-appellants.

Trott, Kunstle & Hughes, Bernard L. Trott, Gary L. Gustafson, Colorado Springs, for defendant-appellant and cross-appellee Tri-Aspen Const. Co.

Strand & Meadows, P.C., Edwin Strand, Colorado. Springs, for defendant-appellant Robert G. Graham and defendant and cross-appellee Builders Realty, Inc.

VAN CISE, Judge.

Defendants Tri-Aspen Construction Company and Robert G. Graham appeal judgments entered against them and in favor of plaintiffs, Wayne and Cheryl Johnson, following a jury trial. The Johnsons cross-appeal a directed verdict in favor of defendant Builders Realty, Inc., and a summary judgment on the Johnsons' claim of implied warranty of habitability in favor of Tri-Aspen. We affirm in part and reverse in part.

In November or December 1973, Tri-Aspen completed the construction of a house for Graham based on plans and specifications prescribed by him. The house was built on a hillside that contained expansive soil—soil which swells with the intrusion of water.

Graham lived in the house until August 1978 when it was purchased by the Johnsons. In January 1979, the Johnsons noticed some cracks in the house. During the spring of that year, the damage to the house became acute. Cracks developed on interior walls and in the mortar of the exterior brick, floors began to lose their level, and doors became difficult to open and close. The cause of this damage was the intrusion of water which resulted in expansion of the soil at the top of the rear foundation wall that was pushing the wall and causing a squeezing effect on the entire structure.

The Johnsons instituted this action against Tri-Aspen for allegedly negligent and grossly negligent construction and for breach of implied warranty of habitability, against Graham based on a claim of deceit through concealment, and against Builders Realty on the theory that Graham was an employee of, and a selling agent for, Builders Realty and, therefore, Graham's deceit through concealment was imputable to it. The defendants denied liability and, in addition, Tri-Aspen pled the affirmative defense of the statute of limitations, § 13–80–127, C.R.S.1973.

Prior to trial the court ruled that the Johnsons could not recover against Tri-Aspen for breach of implied warranty. Also, cross-claims between defendants were deferred. At the close of the Johnsons' case, the court directed a verdict for Builders Realty. It denied Graham's and Tri-Aspen's directed verdict motions made at the close of the Johnsons' case and the directed verdict motions of all remaining parties made when all parties had rested.

The other claims were submitted to the jury, resulting in verdicts in favor of the Johnsons against Graham for $16,000 actual and $15,000 exemplary damages and against Tri-Aspen for $45,000 actual and $30,000 exemplary damages. Motions for judgments notwithstanding the verdicts were made by the Johnsons, Graham, and Tri-Aspen, and were denied.

I. *Graham's Appeal*

Graham first contends that the Johnsons failed to prove deceit through concealment by him and that, therefore, the judgment against him should be reversed and the trial court should be directed to grant his

motion for judgment of dismissal notwithstanding the verdict. We agree.

 In order for the Johnsons to recover from Graham on their claim of deceit through concealment, they had to prove all of the elements thereof, which are: "(1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of [Graham] that such a fact is being concealed; (3) ignorance of that fact on the part of [the Johnsons]; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages." *Ackmann v. Merchants Mortgage & Trust Corp.*, 645 P.2d 7 (Colo.1982).

The Johnsons alleged that Graham concealed the lack of a peripheral drain and the fact that repairs had been made to cracks. Neither alleged concealment meets all of the elements set out above.

 The evidence was undisputed that Graham did not know what a peripheral drain was nor that one was not installed. He cannot be accused of concealing that which he did not know. *See Denver Business Sales Co. v. Lewis*, 148 Colo. 293, 365 P.2d 895 (1961); CJI–Civ.2d 19:5 (1980).

 Graham admitted that repairs had been made to hairline cracks in the house and that these were not revealed to the Johnsons. However, Graham considered the cracks to be minor and normal in a new house.

 The Johnsons were told, before they bought the house, that it was on expansive soil which could cause heaving if an excess of water should come in contact with the soil. And, they were told that was why the driveway and sidewalk had cracks. Graham also told them about the special grading and drainage system at the rear of the house to divert water away from the property. The Johnsons inspected the house and the property several times, once with a building contractor who flew in with Mr. Johnson from California. A number of defects were noted upon these inspections. They were aware of the bowed retaining wall and the out-of-plumb garage column.

The purchase contract provided that the Johnsons were buying the property in its "as is" condition.

The trial court should have taken this claim from the jury and decided it in favor of Graham as a matter of law. *McGlasson v. Barger*, 163 Colo. 438, 431 P.2d 778 (1967); *Sanderson v. Safeway Stores*, 161 Colo. 271, 421 P.2d 472 (1966). The evidence failed to prove concealment of any material fact, ignorance on the Johnsons' part, knowledge or intention on Graham's part, or that the Johnsons bought the house and incurred their damages because of his concealment. On the contrary, the proof was that they were advised of the material problems and, by their own inspections and the disclosures of Graham, learned of the results of mixing expandable soil and water. The entire judgment against Graham must be reversed.

Because we find no deceit through concealment, we do not address Graham's contentions that damages were improperly measured and that exemplary damages were erroneously awarded against him.

## II. *Tri-Aspen's Appeal*
### A.

 Tri-Aspen claims first that the Johnsons' claim is barred by § 13–80–127, C.R.S.1973, the two-year statute of limitations applicable to actions against those involved in the construction of improvements on real property. We do not agree.

In *Tamblyn v. Mickey & Fox, Inc.*, 195 Colo. 354, 578 P.2d 641 (1978), and *Duncan v. Schuster-Graham Homes, Inc.*, 194 Colo. 441, 578 P.2d 637 (1978), our Supreme Court held that the general six-year statute, and not this two-year statute, applied to claims relating to defective improvements. The six years had not run before the filing of this action November 8, 1979.

By legislation enacted in 1979, defects in improvements are also included within the two-year statute. *See* § 13–80–127, C.R.S. 1973 (1982 Cum.Supp.). As to the effect of that amendment, § 13–80–127(4)(b), C.R.S. 1973 (1982 Cum.Supp.) provides:

"All actions commenced on or after July 1, 1979, to assert claims for relief arising prior to July 1, 1979, which are not barred by this section as it existed prior to July 1, 1979, or by any other applicable statute of limitation shall be commenced on or before July 1, 1981, and not thereafter."

On July 1, 1979, the Johnsons' claim was not barred by any applicable statute of limitation. And, if the claim is now included under the amended statute, action was commenced on it before the July 1, 1981 deadline.

### B.

Tri-Aspen next contends that the trial court erred in refusing to direct a verdict in its favor on the issue of negligence. We disagree.

■ A building contractor is under a common law duty to exercise reasonable care and skill in the construction of the building. *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo. 1980). A negligence claim is not contingent upon privity of contract. *Driscoll v. Columbia Realty-Woodland Park Co.*, 41 Colo.App. 453, 590 P.2d 73 (1978). A subsequent homeowner can "maintain an action against a builder for negligence resulting in latent defects which the subsequent purchaser was unable to discover prior to purchase." *Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo.1983).

There was evidence presented that soil compaction to a specific density and installation of a peripheral drain were recommended to Tri-Aspen in the soil report. The Johnsons introduced evidence that the standard of care in the construction industry in that locality at the time would have required the installation of a peripheral drain on the property. It is undisputed that no such drain was installed. There was conflicting testimony as to whether the soil was properly compacted and whether, if a peripheral drain had been present, the damage would have occurred.

■ The absence of this drain and the improper compaction of the soil could be considered latent defects undiscovered prior to purchase. This made negligence a jury question, *Cosmopolitan Homes, Inc. v. Weller, supra; Romero v. Denver & Rio Grande Western Ry.*, 183 Colo. 32, 514 P.2d 626 (1973), and the court properly refused to direct a verdict.

### C.

■ Tri-Aspen argues that the trial court erred in failing to direct a verdict in its favor on the question of exemplary damages. We do not agree.

"The requirements for the award of exemplary damages are met if the defendant, while conscious of his conduct and cognizant of existing conditions, knew, or should have known, that the injury would probably result from his acts." *Frick v. Abell*, 198 Colo. 508, 602 P.2d 852. In considering the propriety of a motion for directed verdict, we must view the evidence in its totality and in the light most favorable to the non-moving plaintiffs. *Romero v. Denver & Rio Grande Western Ry., supra.* So viewed, we conclude that there was sufficient evidence presented to support a jury finding that Tri-Aspen, in ignoring the recommendations in the soil report and in not properly compacting the soil or installing a peripheral drain, acted with "a wanton and reckless disregard of the injured party's rights and feelings." C.R.C.P. 101(d); § 13–21–102, C.R.S.1973. Subsequent purchasers, in a situation, as here, involving latent defects, are as much "injured parties" as the original owners. *See Cosmopolitan Homes, Inc. v. Weller, supra.*

### D.

Tri-Aspen's contention that the court erred in admitting certain evidence and in allowing the jury to review certain exhibits is without merit. Error, if any, was harmless.

### III. *Johnsons' Cross-Appeal*

#### A.

In view of our reversal of the judgment against Graham because we found no de-

ceit through concealment, the cross-appeal of the directed verdict in favor of Builders Realty is moot. If the alleged agent is not liable, there is nothing to impute to the alleged principal.

B.

■ Inasmuch as we have affirmed the judgment for compensatory damages based on Tri-Aspen's negligence, we need not address the cross-appeal of the dismissal of the Johnsons' breach of implied warranty claim against Tri-Aspen. The Johnsons are not entitled to two judgments for the same wrongful conduct.

The judgment against Graham is reversed. The judgment against Tri-Aspen on the negligence claim and for compensatory and exemplary damages is affirmed. The judgments dismissing the Johnsons' breach of warranty claim against Tri-Aspen and their fraudulent concealment claim against Builders Realty are affirmed. The cause is remanded (1) for entry of judgment in favor of Graham and against the Johnsons, and (2) for further proceedings on the cross-claims as may be appropriate.

PIERCE and BABCOCK, JJ., concur.