## A.O. SMITH HARVESTORE PRODUCTS, INC., a Delaware corporation, Petitioner,

v.

### Richard A. KALLSEN and Carol Kallsen, d/b/a Kallsen Dairy, Respondents.

### No. 88SC462.

Supreme Court of Colorado,
En Banc.

Oct. 7, 1991.

The Law Firm of Michael S. Porter, Michael S. Porter, Wheat Ridge, Francis A. Benedetti, Wray, Katten, Muchin & Zavis, Donald E. Egan, Lee Ann Waterson, Steven J. Tantillo, Chicago, Ill., for petitioner.

Wood, Ris & Hames, E. Gregory Martin, Denver, Wilfred R. Mann, Boulder, for respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *A.O. Smith Harvestore Products, Inc. v. Kallsen*, No. 86CA0729 (Colo.App. Aug. 11, 1986) (not selected for official publication), the Colorado Court of Appeals affirmed a judgment entered on a jury verdict in favor of plaintiffs, Richard A. Kallsen and Carol Kallsen, and against defendant, A.O. Smith Harvestore Products, Inc. (AOSHPI), on claims of negligence and negligent misrepresentation arising from the Kallsens' purchase of two AOSHPI grain storage systems from Big Horn Harvestore (Big Horn).[1] The Court of Appeals held, *inter alia*, that the negligence claim was not barred by an exclusivity of remedy clause contained in the applicable sales agreement, that the negligent misrepresentation claim was not barred by a nonreliance clause contained in that agreement, and that the record contained sufficient evidence to support a portion of the

---

1. At trial the Kallsens also obtained a judgment against Big Horn, an independent distributor of

AOSHPI products. Big Horn is not a party to this appeal.

jury's award of damages. We granted a petition for certiorari filed by AOSHPI requesting review of the following issues: (1) whether the non-reliance clause of the sales agreement bars the Kallsens from asserting a claim of negligent misrepresentation against AOSHPI; (2) whether in the circumstances of this case application of the doctrine of economic loss requires reversal of the jury verdict sustaining the Kallsens' negligence claim against AOSHPI; and (3) whether the jury verdict sustaining the Kallsens' negligent misrepresentation claim against AOSHPI based upon section 552 of the *Restatement (Second) of Torts* (1965) must be reversed because the evidence does not establish that AOSHPI was in the business of supplying information to others.

█ In *Keller v. A.O. Smith Harvestore Products, Inc.*, No. 88SA397, — P.2d — (Colo. Oct. 7, 1991), a case involving responses to questions certified to this court by the United States Court of Appeals for the Tenth Circuit, we held that non-reliance clauses identical to the non-reliance clause at issue here did not bar a buyer from recovering damages against a manufacturer on a claim of negligent misrepresentation. On the basis of that decision, and the authorities relied upon therein, we conclude that the Court of Appeals correctly determined that the Kallsens' negligent misrepresentation claim against AOSHPI was not barred by the non-reliance clause of the sales agreement.

█ The question of the application of the doctrine of economic loss to the facts of this case was not addressed by the unpublished opinion of the Court of Appeals. We have affirmed the judgment entered against AOSHPI on the Kallsens' negligent misrepresentation claim. The damages recovered by the Kallsens on that claim are identical to the damages awarded to the Kallsens on the basis of their negligence claim, and AOSHPI has expressly limited its economic loss argument to its challenge of the viability of the negligence claim. In these circumstances, we decline to address this issue, the resolution of which is unnecessary to the disposition of this appeal.

*Hardy v. Carrington,* 87 Colo. 461, 288 P. 620 (1930); *Olney Springs Drainage Dist. v. Auckland,* 83 Colo. 510, 267 P. 605 (1928); *see Johnson v. Graham,* 679 P.2d 1090 (Colo.App.1983).

█ Finally, we note that neither the trial court nor the Court of Appeals considered the question of whether AOSHPI was in the business of supplying information to third parties. AOSHPI did not rely on that defense at trial and did not raise the issue on appeal until it filed its petition for certiorari with this court. Having failed to preserve the question either at trial or on appeal, AOSHPI cannot obtain an advisory opinion thereon at this stage of the judicial process. *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986); *Christensen v. Hoover,* 643 P.2d 525 (Colo.1982).

The judgment of the Court of Appeals is affirmed.

ROVIRA, C.J., dissents.

Chief Justice ROVIRA dissenting:

For the reasons set out in my dissent in *Keller v. A.O. Smith Harvestore Products, Inc.,* No. 88SA397, — P.2d — (Colo. October 7, 1991), I respectfully dissent.