951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alfred A. KELLER; Martha M. Keller, Plaintiffs-Appellants,
v.
A.O. SMITH HARVESTORE PRODUCTS, INCORPORATED, a Delaware
corporation only, Defendant-Appellee.
 Nos. 87-1203, 87-1244 and 87-1382.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and TACHA, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Defendant A.O. Smith Harvestore Products, Inc. (Harvestore) appealed from a jury verdict awarding $250,000 in damages to plaintiffs Alfred A. Keller and Martha M. Keller (the Kellers) on their claim of negligent misrepresentation. The Kellers cross-appealed, asserting that the district court erred in refusing to award them prejudgment interest and by granting Harvestore's Fed.R.Civ.P. 60(a) motion to reduce the judgment by the $25,000 that the Kellers had received from a third party in settlement. We affirm in all respects except for the prejudgment interest claim.
 
 
 3
 Harvestore made two primary contentions on appeal: (1) that Colorado law did not recognize a cause of action against a manufacturer for negligent misrepresentations made during the course of the sale of its product; and (2) that even if it did, the existence of a clause in the sales agreement specifically disclaiming reliance on representations made to the buyer prior to execution of the sales agreement legally precluded a finding that the buyer relied on the representations. We certified both of these questions to the Colorado Supreme Court. That court has now answered both questions in favor of the Kellers. Keller v. A.O. Smith Harvestore Products, Inc., 819 P.2d 69 (Colo.1991).
 
 
 4
 Alternatively, Harvestore contends that the district erred in permitting an expert witness to use a formula to compute operating expenses, in admitting the expert testimony of Dr. John Young, and in refusing to instruct the jury that Big Horn Harvestore Systems, Inc. was not an agent of Harvestore. We have reviewed the record on each of these issues, and we are persuaded that the district court did not abuse its discretion in admitting the evidence or by refusing the instruction. In particular, we note that the Colorado Court of Appeals in an unpublished opinion has specifically disagreed with a similar argument made there by Harvestore on the admission of the expert's use of 60 percent as an allowance for operating expenses in computing net lost profits. See Kallsen v. A.O. Smith Harvestore Products, No. 86CA0729 (Colo.Ct.App.1988), aff'd on other grounds, 817 P.2d 1038 (Colo.1991). We consider this authority persuasive. See Joyce v. Davis, 539 F.2d 1262, 1266 n. 3 (10th Cir.1976).
 
 
 5
 The Kellers contend on their cross-appeal that the district court erred in refusing to award them prejudgment interest under Colo.Rev.Stat. 5-12-102 (Supp.1987). The Colorado Supreme Court construed section 5-12-102 in Mesa Sand & Gravel v. Landfill, Inc., 776 P.2d 362 (Colo.1989), holding that it is to be liberally applied to provide interest to all plaintiffs who were wronged, from the time the action accrues, without distinguishing between classes of prevailing parties. See id. at 365. Although Mesa was a breach of contract case, we have since applied its reasoning to hold that "victims of tortious conduct are clearly entitled to prejudgment interest under [§ 5-12-102]." Estate of Korf v. A.O. Smith Harvestore Products, Inc., 917 F.2d 480, 486 (10th Cir.1990). Cf. Westfield Dev't Co. v. Rifle Investment Assoc., 786 P.2d 1112, 1122 (Colo.1990) (prejudgment interest appropriate for pecuniary damages caused by intentional interference with contract). Accordingly, we must reverse the district court on this issue and remand for an award of prejudgment interest.
 
 
 6
 Finally, we are not persuaded that the district court erred in granting Harvestore's Rule 60(a) motion and ordering that the Kellers' judgment be reduced by the $25,000 settlement they received from Big Horn Harvestore Systems, Inc. (Big Horn).[1] The Kellers contend that the reduction could be made only pursuant to a Rule 59(e) motion to alter or amend the judgment, and that since the motion was filed more than ten days after the entry of judgment, the district court lacked jurisdiction to consider it. The Kellers are mistaken, however, in their belief that the district court's order "revise[d] a legal right of the Plaintiffs" and was thus outside the scope of Rule 60(a). Appellee's Reply Brief at 7. In addition to errors that are purely the result of transcription or communication, the Rule authorizes the correction of the judgment "if the intention of the judge to include a particular provision in the judgment was clear, but [s]he neglected to include the provision." 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2854 at 153 (1973). Here, the court itself characterized its error as "inadvertent[]" in its Request for Leave to Correct Judgment Pursuant to Fed.R.Civ.P. 60(a). Appellant's Reply and Answer Brief at A-1. The district court announced its intention to set off any jury award by the amount of the earlier settlement when it instructed the jury:
 
 
 7
 You are directed that plaintiffs have entered a settlement with Big Horn Harvestore Systems, Inc....
 
 
 8
 If you determine that the defendant is liable, you must return an award that fully compensates the plaintiffs for all of their injuries without regard to the fact that the plaintiffs may have received compensation from others as a result of the settlement.
 
 
 9
 If an award is returned, the Court will reduce the award by the amount of the previous settlement.
 
 
 10
 Rec., vol. I, doc. 22 at Instruction 38 (emphasis added). Since the Kellers apparently did not object to the district court's jury instruction setting forth the effect of the settlement, we must agree with the district court that the instruction reflected the agreement of both parties that the settlement would be deducted from the jury verdict. See Appellant's Reply and Answer Brief at A-1; Kelley v. Bank Bldg. & Equipment Corp. of America, 453 F.2d 774, 778 (10th Cir.1972) (change in judgment available under Rule 60(a) where it accommodated terms of prior agreement between parties as to which would pay third party).
 
 
 11
 Accordingly, we AFFIRM in part and REMAND in part for award of prejudgment interest.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 60(a) provides, in relevant part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time...."